**Anne M. BYRNE, Plaintiff–Appellant,**

v.

**TELESECTOR RESOURCES GROUP, INC. doing business as Verizon Services Group a/k/a Verizon New York Inc., Defendant–Appellee.**

No. 08–0101–cv.

United States Court of Appeals, Second Circuit.

July 14, 2009.

Josephine A. Greco (Kevin P. Wicka and Duane D. Schoonmaker, on the brief), Offerman, Cassano, Greco, Slisz & Adams, LLP, Buffalo, NY, for Appellant.

James S. Urban, Jones Day, Pittsburgh, PA, for Appellee.

PRESENT: REENA RAGGI, DEBRA ANN LIVINGSTON, Circuit Judges, EDWARD R. KORMAN, Judge.*

### SUMMARY ORDER

Plaintiff Anne M. Byrne appeals from an award of summary judgment in favor of defendant Telesector Resources Group, Inc. ("Verizon") on her claims of gender discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Equal Pay Act (EPA), 29 U.S.C. §§ 206 *et seq.*, and the New York Human Rights Law (N.Y.HRL), N.Y. Exec. Law §§ 290 *et seq.* We review an award of summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 245 (2d Cir.2008). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. *Procedural Defects in Byrne's Title VII Claims*

Preliminarily, we note that Byrne appeals the dismissal of her Title VII disparate treatment and hostile work environment claims for untimeliness and failure to exhaust administrative remedies. *See Byrne v. Telesector Res. Group, Inc.*, No. 04 Civ. 76S, 2005 WL 464941 (W.D.N.Y. Feb. 25, 2005). We need not address these issues. Because Byrne's Title VII claims depend on the same facts and analysis as her NYHRL and EPA causes of

action, *see Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 n. 9 (2d Cir. 2008), our conclusion that the latter claims were properly dismissed on the merits necessarily supports dismissal of Byrne's Title VII claims without regard to Byrne's procedural arguments.

2. *Byrne's Merits Challenge to the Award of Summary Judgment*

a. *Unequal Compensation*

█ Byrne faults the district court's conclusion that she failed, as a matter of law, to make out a *prima facie* case of unequal pay because the evidence did not demonstrate that Byrne performed substantially equal work to her comparators Thomas Spencer and David Winley. *See Lavin–McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir.2001). On *de novo* review of the record, we reach the same conclusion.

Byrne offered no evidence detailing the job duties of the two male comparators to show that their positions were substantially equal to her own. *See Lambert v. Genesee Hosp.*, 10 F.3d 46, 56 (2d Cir.1993). Instead, she relied on her own affidavit attesting that both she and Winley were assigned to the same projects. As the district court correctly observed, "the most that can be drawn from this evidence is that Byrne and Winley both had unidentified tasks and responsibilities relating to the same products, services and sales opportunities." *Byrne v. Telesector Res. Group, Inc.*, No. 04 Civ. 76S, 2007 WL 962929, at *20 (W.D.N.Y. Mar. 29, 2007). Byrne's affidavit does not raise an issue of fact as to whether her position and Winley's were "substantially equal in skill, effort, and responsibility." *Lavin–*

---

* District Judge Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

*McEleney v. Marist Coll.,* 239 F.3d at 480 (internal quotation marks omitted).

■ With respect to Spencer, Byrne submits that they both held the position of Sales Engineer II in Verizon's Buffalo office. *See Byrne v. Telesector Res. Group, Inc.,* 2007 WL 962929, at *20. For purposes of an equal pay claim, however, a plaintiff must show more than identical job titles; a finding of substantial equality must be based on actual job content. *See Marshall v. Bldg. Maint. Corp.,* 587 F.2d 567, 571 (2d Cir.1978). Because Byrne has adduced no evidence demonstrating equal job content with her comparators, she did not satisfy her *prima facie* burden. Accordingly, the district court correctly dismissed the claims based on alleged pay disparity.

### b. *Failure to Promote*

■ Byrne contends that the district court, in dismissing her failure to promote claim, disregarded evidence of her qualifications for the Voice Customer Premise Equipment ("CPE") position and overlooked Winley's lack of qualifications. She points out, for instance, that Winley did not have a bachelor's degree and design experience, while she did. The Voice CPE position, however, did not require a college degree if a candidate had equivalent experience. Evidence in the record shows that Winley had considerably more experience with CPE products than Byrne. Indeed, another male candidate, who, like Byrne, was a current Verizon employee, was also denied the Voice CPE position because his experience with the products was less than Winley's. Thus, Byrne could not avoid summary judgment simply by pointing to evidence that might prompt a factfinder to conclude that she was otherwise qualified

for the promotion. An "employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria." *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 259, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Byrne nevertheless asserts that the district court erred in accepting Verizon's experience-based business reason for the Voice CPE position because, she claims, the court rejected the same rationale when analyzing her claim that a discriminatory motive was evident in Verizon's delay in promoting her to the position of Sales Engineer III.[1] She contends that "[i]f this rationale was not legitimate for one discriminatory failure to promote claim, it could not be legitimate for the other discriminatory failure to promote claim." Appellant's Br. at 45. Plaintiff misconstrues the district court's careful analysis of the two failure-to-promote claims. The district court concluded that a reasonable jury could find that Verizon's stated business reason for delaying Byrne's promotion to Sales Engineer III—a promotion freeze—was pretextual in light of the lack of evidence explaining why two male employees were nonetheless promoted at that time. The district court further noted that Verizon's "equivocal" and unsupported assertion that it needed to promote individuals in a particular product area was at odds with its earlier assertion that existing employees lacked experience with CPE products, thereby necessitating outside hires. *Byrne v. Telesector Res. Group, Inc.,* 2007 WL 962929, at *10. In sum, the district court's analysis of the two promotion claims was not inconsistent, and we identify no error in its reasoning.

---

1. The district court denied summary judgment on Byrne's claim that her promotion to Sales Engineer III was discriminatorily delayed, and the parties subsequently settled this claim. *See Byrne v. Telesector Resources Group, Inc.,* No. 04 Civ. 76S, Stipulation of Dismissal (W.D.N.Y. Dec. 7, 2007).

■ Finally, we agree with the district court that Winley's subsequent lackluster job performance does not reveal pretext. An "employer need not prove ... that it made the wisest choice, but only that the reasons for the decision were nondiscriminatory." *Davis v. State Univ. of N.Y.*, 802 F.2d 638, 641 (2d Cir.1986). Upon such a showing, a court may not second-guess the wisdom of the business decision. *See Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1116 (2d Cir.1988) ("Evidence that an employer made a poor business judgment ... is insufficient to establish a genuine issue of fact as to the credibility of the employer's reasons."). Because Byrne does not provide any evidence that Verizon's desire to hire an external candidate with CPE experience was motivated by unlawful criteria, we conclude that the district court correctly dismissed Byrne's claims based on a failure to promote.

### c. *Retaliation*

■ Byrne argues that the district court erred in determining, as a matter of law, that Daniel Irving's conduct towards her, the withdrawal of a job posting after she applied for the position, and the transfer of her position from Buffalo to Syracuse did not amount to retaliation. We address these arguments in turn.

### (1) *Irving's Conduct Towards Byrne*

Byrne contends that the district court erred in concluding that Irving's various managerial decisions regarding her did not reach a level of material adversity necessary for a retaliation claim. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (holding that law protects individual "from retaliation that produces an injury or harm," which means that the challenged action "might have dissuaded a reasonable worker from making or supporting a charge of discrimination"). Insofar as Byrne points to Irving's 2002 evaluation of her performance as "meets expectations," which was lower than her previous evaluations, as evidence of retaliation, she cannot satisfy the *Burlington Northern* standard. Byrne offered no evidence that a "meets expectations" was a negative rating. Indeed, a human resources manager assured Byrne that her 2002 evaluation was satisfactory. More important, Byrne's 2002 performance review was followed by a promotion and salary raise.

Byrne challenges other managerial decisions as retaliatory, such as Irving changing her product speciality, asking her to be the contact person for the customers of a co-worker on disability leave, and requiring her to process paperwork. It is undisputed, however, that male employees were also requested to perform these tasks, and there is no evidence that these assignments harmed Byrne's career advancement at Verizon. Because Irving's decisions did not adversely affect the conditions of Byrne's employment in any material way, the district court properly dismissed plaintiff's retaliation claims based on Irving's conduct towards plaintiff.

### (2) *Withdrawal of Job Posting*

Byrne argues that the district court erred in concluding that she could not establish retaliation based on Verizon's withdrawal of a job posting for which she applied because her promotion to Sales Engineer III broke the causal link between that withdrawal and the filing of her EEOC complaint. Byrne submits that her promotion was only a "token" advancement and that she was, in fact, promoted before she filed her EEOC complaint. Appellant's Br. at 63, 66. Both arguments are without merit. Byrne states only conclusorily that her promotion was a mere gesture and does not submit any evidence indicating that the promotion was designed

to hide any retaliatory intent in withdrawing the job posting. Moreover, the July 8, 2003 memo, which Byrne claims "announced" her promotion before she filed the EEOC complaint on July 17, 2003, does not prove that she was promoted on that date. The memo merely indicates that Verizon was considering Byrne for a promotion, which was later approved on August 17—one month after Byrne filed her EEOC charge. Because the promotion effectively negated Byrne's otherwise unsupported claim that the withdrawal of the job posting was motivated by a retaliatory intent, the district court correctly dismissed this claim.

### (3) *Syracuse Transfer*

Byrne argues that the district court improperly resolved questions of fact on her claim that defendant's transfer of her position to Syracuse was retaliatory by accepting Verizon's stated business reason for the relocation and relying on the fact that others, including two male employees, had their positions transferred to Syracuse as well. These arguments fail because Byrne offers no evidence that would permit a factfinder to identify retaliatory intent. Moreover, she has not shown that Verizon's decision "produce[d] an injury or harm" to her that amounted to an actionable retaliation. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. at 67, 126 S.Ct. 2405. In lieu of the Syracuse relocation, Verizon offered, and Byrne accepted, a new position in Buffalo, resulting in an increase of her base salary. Accordingly, the retaliation claim based on the job transfer must fail.

### d. *Hostile Work Environment*

■ Byrne contends that the district court erroneously dismissed her hostile work environment claim by disregarding evidence showing that she was subjected to sexual harassment. As evidence, plaintiff submits that a male co-worker told her that another colleague gave out his work fax number as "25penis," that Irving had invited a former manager who had been accused of discriminating against women to an office holiday party, and that on three occasions she had overheard male colleagues discussing topics that were inappropriate and sexual in nature. Whether or not these actions might be deemed unprofessional, the standard for establishing actionable sexual harassment in the workplace is an environment "permeated with discriminatory intimidation that [is] sufficiently severe or pervasive to alter the conditions of [the] work environment." *Petrosino v. Bell Atl.*, 385 F.3d 210, 221 (2d Cir.2004). "[O]ffhand comments, or isolated incidents of offensive conduct (unless extremely serious) will not support a claim of discriminatory harassment." *Id.* at 223. Upon careful review, we conclude, as the district court did, that the few comments cited by Byrne and the invitation of the former manager to an office not "sufficiently severe" to rise to an actionable claim for hostile work environment. *Id.* at 221.

■ Byrne argues that evidence of incidents of sexual harassment experienced by other female employees would permit her to show pervasive sexual harassment. To be sure, "a plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 69 (2d Cir.2000); *see also Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149, 151 (2d Cir.1997). But the co-worker incidents, like those experienced by Byrne herself, involve isolated incidents that do not rise to a sufficiently serious level to manifest a work environment "permeated with discriminatory intimidation." *Petrosino v. Bell Atl.*, 385 F.3d at 221. We express no view on the ultimate merits

of employee Cindy Moll's pending Title VII action in the Western District of New York against Verizon, which includes a claim for hostile work environment, but conclude only that the allegations of sexual harassment experienced by Moll or other female co-workers that Byrne submitted as evidence in this case are insufficient to amount to a hostile work environment.

### e. *The December 22, 2005 Order*

■ Byrne seeks to appeal the district court's December 22, 2005 order denying her motion to extend discovery and to permit refiling of a motion to compel. Although her opening brief does not argue this point, Byrne has filed a letter attributing the omission to the constraints of the word limits in appellate briefs and requesting this court not to deem the issue waived. We reject Byrne's argument because (1) we permitted her to file an oversized brief, *see Byrne v. Telesector Res. Group, Inc.*, No. 08–0101–cv, Order (2d Cir. May 13, 2008), and (2) we have repeatedly held that issues not argued in the briefs will generally be considered waived and not be addressed on appeal, *see Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 507 (2d Cir.2005). While we retain "discretion to excuse" such a waiver "if manifest injustice would otherwise result," *JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir.2005), we decline to exercise our discretion in this case because we identify no error in the district court's denial of a motion to extend discovery that is unsupported by a showing of good cause or in its refusal to permit refiling of a motion to compel that was previously dismissed with prejudice.

We have considered plaintiff's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.